# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KYLER CARDWELL, on behalf of
himself and others similarly situated,

        *Plaintiffs*,

v.

RPM WHOLESALE & PARTS,
INC., and GUY A. PARSONS

        *Defendants.*

CASE NO. _____

JURY TRIAL DEMANDED

---

PHILIP J. GOODMAN, P.C.
Philip J. Goodman (P14168)
Attorney-in-Charge
280 N. Old Woodward Ave, Suite 407
Birmingham, MI 48009
248-647-9300
pjgoodman1@aol.com

BAILEY COWAN HECKAMAN PLLC
Robert W. Cowan
5555 San Felipe Street, Suite 900
Houston, Texas 77056
713-425-7100
rcowan@bchlaw.com

*Attorneys for Plaintiff*

---

# COLLECTIVE ACTION COMPLAINT

1

1.      RPM Wholesale & Parts, Inc. ("RPM"), an automotive salvage company, and Guy A. Parsons (collectively referred to hereinafter as "Defendants") are violating the Fair Labor Standards Act ("FLSA") by forcing Plaintiff Kyler Cardwell and similarly situated workers, to work a substantial amount of overtime without properly paying all compensation due, thus depriving them of rightful compensation for their work that Defendants are legally obligated to pay.

2.      Plaintiff worked for Defendants as a laborer and receiving clerk and was damaged by those illegal policies or practices.  In short, Plaintiff was denied the timely overtime compensation he was due under the FLSA.  Plaintiff brings this lawsuit on behalf of himself and all other similarly situated current or former hourly-paid laborers, including receiving clerks, tire techs and dismantlers to recover unpaid wages and overtime compensation, liquidated damages, attorneys' fees, and costs owed to him individually and on behalf of other similarly situated individuals.

## I.      JURISDICTION AND VENUE

3.      This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, namely the FLSA, 29 U.S.C. § 201 *et seq*.

4.      Venue is proper because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in Flint, Michigan.  28 U. S. C. §

1391(b)(2).

## II.    THE PARTIES

5.    Plaintiff worked as a laborer and receiving clerk for Defendants.  He regularly worked in excess of 40 hours per week without receiving all the compensation he was due under the FLSA.  Plaintiff Kyler Cardwell's FLSA consent is attached as Exhibit A.

6.    The FLSA class of similarly situated employees consists of all current and former hourly-paid laborers, including receiving clerks, tire techs, and dismantlers who were employed by Defendants during the three-year period preceding the filing of this Complaint.  These similarly situated individuals are referred to as the "Members of the Class" or "the Class."

7.    Defendant RPM Wholesale & Parts, Inc. is a domestic for-profit corporation with a principal place of business at 6025 N Dort Highway, Flint, Michigan 48506, which is engaged in commerce in the United States and is otherwise subject to the FLSA.  Defendant RPM employed Plaintiff and Members of the Class within the meaning of the FLSA.  RPM may be served with process by serving its Registered Agent, Guy A. Parsons, at 6025 N. Dort Highway, Flint, Michigan 48506.

8.    Defendant Guy A. Parsons is the owner and principal of Defendant

RPM.  He is an individual residing in Michigan.  Parsons, upon information and belief, possessed control over Defendant RPM's actual operations in a manner that directly relates to Plaintiff's employment and that of those similarly situated to Plaintiff.  Defendant RPM directly affected employment-related factors such as workplace conditions and/or operation, personnel, and/or compensation.  Defendant Parsons may be served with process at 4166 Barnes Rd, North Branch, Michigan 48461.

### III.   BACKGROUND

9.     The preceding paragraphs are incorporated by reference.

10.     Defendants operate an automotive salvage company, with several locations in Michigan, including but not limited to Flint, Saginaw, and Lansing, Michigan.  Defendants offer new and used automotive parts, tires, and wheels for various vehicle models.   Additionally, Defendants employ laborers to receive vehicles, dismantle the cars, and remove salvageable parts before the vehicles are destroyed.  The salvageable parts are then resold to customers.

11.     Upon information and belief, Plaintiff and Members of the Class regularly worked in excess of 40 hours per workweek.  However, Defendants did not pay Plaintiff and the Class overtime compensation at one and one-half times their regular rates for all hours worked in excess of 40 each week.  Instead, Defendants

only pay/paid their laborers straight-time pay (no overtime) for all hours worked, including the hours worked in excess of 40 hours in a workweek.  As a result, Defendants failed to properly compensate their employees under the FLSA.

## IV.   PLAINTIFF'S INDIVIDUAL ALLEGATIONS

**A.**    *Defendants Failed to Properly Pay Regular and Overtime Compensation.*

12.    The preceding paragraphs are incorporated by reference.

13.    Plaintiff worked for Defendants as a receiving clerk and laborer, where he tore down vehicles to remove the salvageable parts, which were then resold to customers.  During his employment, Plaintiff frequently worked five consecutive days during a workweek.   In a workweek, Plaintiff often worked approximately 54 hours or more.

14.    During Plaintiff's employment, Defendants paid him a set hourly rate for all hours worked in a workweek, and Plaintiff was paid on a weekly basis.  For the hours worked in excess of 40 hours per week, Defendants paid Plaintiff his straight-time rate in a separate cash envelope, rather than one and one-half times his regular rate.

15.    The FLSA and applicable regulations require Defendants to pay hourly compensation for each hour an employee is suffered or permitted to work, and to pay overtime compensation at 1.5 times Plaintiff's regular rate of pay for each hour

Plaintiff worked in excess of 40 hours per week. Defendants should have paid Plaintiff overtime compensation for at least 14 hours or more in a typical workweek, but Defendants failed to pay Plaintiff that amount.

16.    By failing to pay Plaintiff as described above, Defendants have deprived Plaintiff of a significant amount of regular and overtime compensation to which he is rightfully entitled.

**B.    *Defendants Willfully Violated the FLSA.***

17.    The FLSA and Department of Labor regulations require that individuals receive at least minimum wage for all hours suffered or permitted to work. In addition, the FLSA and Department of Labor regulations set forth the proper means for calculating and paying minimum wage and overtime compensation to non-exempt employees like Plaintiff. Defendants failed to follow these rules when paying Plaintiff.

18.    Defendants have or had a policy and/or practice of not paying their employees the proper rate for overtime they worked. Instead, Defendants paid their employees their regular rate for all hours worked, with no overtime premium for hours worked over 40 in a workweek as required under the FLSA. Defendants should have paid their employees overtime compensation at 1.5 times their regular rates for all hours worked in excess of 40 hours per workweek.

19.    Defendants know or have shown reckless disregard for the

6

requirements of the FLSA with respect to compensation for Plaintiff.

## V.    FLSA COLLECTIVE ACTION ALLEGATIONS
## UNDER 29 U.S.C. § 216(B)

20.    The preceding paragraphs are incorporated by reference.

21.    Plaintiff is aware that Defendants' illegal pay policies or practices have been imposed upon Members of the Class.  Like Plaintiff, Members of the Class are employed by Defendants as laborers, including receiving clerks, tire techs, and dismantlers, who perform(ed) the same duties as Plaintiff, as described above.  As with Plaintiff, Members of the Class frequently worked substantial amounts of overtime that was not properly compensated in accordance with the FLSA.

22.    Upon information and belief, the Members of the Class are/were also not properly paid for all hours suffered or permitted to work, as described above with regard to Plaintiff.

23.    Defendants' failure to properly compensate Plaintiff and Members of the Class results, upon information and belief, from a generally applicable policy and/or practice.  Specifically, upon information and belief, it is a policy and/or practice of Defendants to pay their employees for less than all the overtime hours that such workers are suffered or permitted to work.  As such, the Members of the Class are owed additional overtime compensation plus liquidated damages, attorneys' fees, and expenses for precisely the same reasons as Plaintiff.

24.     Accordingly, the FLSA collective class of similarly situated plaintiffs is properly defined as:

> **All current and former hourly-paid laborers, including receiving clerks, tire techs, and dismantlers who were employed by Defendants during the three-year period preceding the filing of this complaint.**

25.     Members of the Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

26.     Notice from this Court should be expedited to protect these workers from losing a portion of their damages due to the running of the statute of limitations.

## VI.     CAUSES OF ACTION

27.     The preceding paragraphs are incorporated by reference.

28.     As set forth above, Defendants violated the FLSA with respect to Plaintiff and Members of the FLSA Class by failing to pay at least minimum wage for all hours suffered or permitted to work in a week and by failing to properly compensate for overtime hours, as described above.  29 U.S.C. §§ 206, 207.

29.     Plaintiff and Members of the Class are entitled to recover at least a minimum wage for all hours worked, as well as overtime compensation at one and one-half times their regular rates of pay for all hours worked in excess of 40 hours in a week.  29 U.S.C. §§ 206, 207, 216 (b).

30.     In addition, Plaintiff and Members of the Class are entitled to liquidated

damages in an amount equal to their unpaid wages, including overtime wages. 29 U.S.C. § 216(b).

31.     Moreover, Plaintiff and Members of the Class are entitled to reasonable attorneys' fees and costs. *Id*.

## VII.   JURY DEMAND

32.     Plaintiff demands a jury trial. Any required jury fee has been or will be timely paid.

## PRAYER

WHEREFORE, Plaintiff requests that this Court enter final judgment against Defendants RPM Wholesale & Parts, Inc. and Guy A. Parsons for:

1.     damages for the full amount of unpaid wages due under the FLSA in favor of Plaintiff and Members of the Class;

2.     damages for the full amount of unpaid overtime compensation due under the FLSA in favor of Plaintiff and Members of the Class;

3.     an amount equal to unpaid wages, including unpaid overtime compensation, as liquidated damages pursuant to 29 U.S.C. § 216 in favor of Plaintiff and Members of the Class;

4.     reasonable attorneys' fees, costs and expenses of this action;

5.     pre-judgment and post-judgment interest at the highest rate allowed by

law; and

      6.     such other and further relief as may be allowed by law.


DATED this 13th day of April, 2021.      Respectfully submitted,

      By:  /s/ Philip J. Goodman
          Philip J. Goodman (P14168)
          PHILIP J. GOODMAN, P.C.
          Attorney-in-Charge
          280 N. Old Woodward Ave.
          Suite 407
          Birmingham, MI 48009
          248-647-9300
          pjgoodman1@aol.com

          Robert W. Cowan (TX 24031976)
          BAILEY COWAN HECKAMAN PLLC
          5555 San Felipe Street, Suite 900
          Houston, Texas 77056
          713-425-7100
          rcowan@bchlaw.com

          *Attorneys for Plaintiff*

# EXHIBIT A

## NOTICE OF CONSENT

I consent to be a party plaintiff in this action and, if necessary, a subsequent action, to recover any unpaid wages owed to me by:

RPM Wholesale Auto & Parts, Inc., Guy A. Parsons, and related entities.

I consent to join the lawsuit in which this Notice of Consent is filed by Bailey Cowan Heckaman PLLC and/or any of its co-counsel (collectively "BCH") and on my behalf (the "Lawsuit").

I performed the duties and was paid in the manner described in the active Complaint or Petition in this Lawsuit.

If I am not a Named Plaintiff in this Lawsuit (i.e., if my name does not appear at the top of the first page of pleadings in this Lawsuit), then I authorize the named Plaintiff(s) and BCH to file and prosecute the Lawsuit on my behalf, and I designate the named Plaintiff(s) to make decisions on my behalf concerning the Lawsuit, including negotiating and deciding a resolution of my claims, including any pretrial or post-trial settlement, and I understand that I may be bound by such decisions, subject to Court approval if necessary or required.

I agree to be represented by BCH in this Lawsuit.  I agree to be bound by the Contract of Representation executed between the named Plaintiffs in this Lawsuit and BCH, subject to the additional terms stated in this Notice of Consent.  I may obtain a copy of the executed Contract(s) of Representation by contacting BCH in writing.

In the event this Lawsuit is not certified or is decertified, I authorize BCH to reuse this Notice of Consent to re-file my claims in separate or related action(s) against the named Defendant(s) in this Lawsuit.

Signature

Kyler Antwan Cardwell

Full Legal Name (print)

12/10/2020

Date

**BAILEY COWAN HECKAMAN PLLC**
5555 San Felipe St., Suite 900, Houston, Texas 77056
overtime@bchlaw.com   ●   1-866-716-8300