UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLER CARDWELL, on behalf of
himself and others similarly situated,

        Plaintiffs,

v.

        Civil Case No. 21-10831
        Honorable Linda V. Parker

RPM WHOLESALE & PARTS, INC. and
GUY A. PARSONS,

        Defendants.
_____/

## OPINION AND ORDER GRANTING THE PARTIES' JOINT MOTION TO APPROVE SETTLEMENT (ECF NO. 17)

On April 13, 2021, Plaintiff filed this putative collective action alleging that Defendants RMP Wholesale & Parts, Inc. and its owner, Guy Parsons, failed to pay overtime to laborers and receiving clerks like Plaintiff in violation of the Fair Labor Standards Act ("FLSA"). (ECF No. 1.) One other individual, Malek Edelen, has consented to opt into the litigation.[1] (ECF No. 11.) The matter is presently before the Court on the parties' Joint Motion to Approve Settlement. (ECF No. 17.)

---

[1] A second individual, Alexander Kristian Summers opted in (ECF No. 14) but then was dismissed by stipulation (ECF No. 15).

The Court held a hearing with respect to the parties' motion on November 15, 2021. Prior to the hearing, at the Court's request, the parties submitted an unredacted copy of the settlement agreement for *in camera* review. At the hearing, the Court asked the parties to submit supplemental briefing covering: (i) a comparison of the settlement amounts to Cardwell's and Edelen's claimed unpaid wages; and (ii) support for their agreement to keep the settlement amounts confidential. Defendants filed a supplemental brief addressing both issues on November 19. (ECF No. 19.) The Court is now granting the motion.

## Applicable Law

The FLSA requires all qualifying employers to pay employees no less than the minimum wage, and to compensate employees for work in excess of forty hours per work week at a rate not less than one-and-a-half times the regular rate of pay. 29 U.S.C. §§ 206(a)(1), 207(a)(1). "[E]mployees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Snook v. Valley Ob-Gyn Clinic, P.C.*, No. 14-cv-12302, 2015 WL 144400, at *1 (E.D. Mich. Jan. 12, 2015) (quoting *Gentrup v. Renovo Servs., LLC*, No. 1:07cv430, 2011 WL 2532922, at *2 (S.D. Ohio Jun 24. 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)); *see also Steele v. Staffmark Investments, LLC*, 172 F. Supp. 3d 1024,

2

1026 (W.D. Tenn. 2016) (citing cases). Courts reach this conclusion having considered Congress' intent when enacting the FLSA:

> "The legislative history of the Fair Labor Standards Act shows an intent on the part of Congress to protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce. The statute was a recognition of the fact that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result the free movement of goods in interstate commerce."

*Steele*, 172 F. Supp. 3d at 1026 (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945)) (footnotes omitted in *Steele*). "Recognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Id.* (quoting *Lynn's Food Stores*, 679 F.2d at 1352); *see also Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981) (noting that the Supreme Court has "frequently emphasized the nonwaivable nature of an individual employee's right to a minimum wage and to overtime pay under the Act.").

When reviewing a proposed FLSA settlement, the court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute

over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. There are several factors courts consider in making this determination:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks and citation omitted); *see also Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1241 (M.D. Fla. 2010). Courts also find the inclusion of a confidentiality provision relevant to deciding whether an agreement settling FLSA claims is fair and reasonable.

Some courts conclude that a confidentiality provision is contrary to the FLSA's purpose and the presumption of public access to any judicial document. *See Steele*, 172 F. Supp. 3d at 1030-31 (citing *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1169 (6th Cir. 1983); *Guareno v. Vincent Perito, Inc.*, No. 14cv1635, 2014 WL 4953746, at *1 (S.D.N.Y. Sept. 26, 2014)). As the district court stated in *Steele*: "A confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights." *Id*. at 1031 (quoting *Dees*, 706 F. Supp. 2d at 1242). One of the FLSA's

goals is "to ensure that all workers are aware of their rights." *Guareno*, 2014 WL 4953746, at *1 (citing *Dees*, 706 F. Supp. 2d at 1242). It is for those reasons that several courts within the Sixth Circuit have declined to approve an FLSA settlement agreement with a confidentiality provision. *Whitehead v. Garda CL Central, Inc.*, No. 3:20-cv-736, 2021 WL 4270121, at *2 (W.D. Ky. Sept. 20, 2021) (citing cases); *but see Athan v. United States Steel Corp.*, 523 F. Supp. 3d 960, (E.D. Mich. 2021) (recognizing that courts generally require FLSA settlement agreements to be a public record but allowing agreement to be filed with redacted amounts as "the issue of confidentiality was seen as a lynchpin of [the parties'] bargain during negotiations."). If the parties want the court to approve a settlement agreement with a confidentiality provision, it is their burden "to articulate a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process." *Alewel v. Dex One Serv., Inc.*, No. 13-2312, 2013 WL 6858504, at *4 (D. Kan. Dec. 30, 2013) (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)).

Finally, where the settlement agreement includes the payment of attorney's fees, the court must assess the reasonableness of that amount. *Wolinsky*, 900 F. Supp. 2d at 336 (citing cases finding judicial review of the fee award necessary). "[T]he Court must carefully scrutinize the settlement and the circumstances in which it was reached, if only to ensure that 'the interest of [the] plaintiffs' counsel

in counsel's own compensation did not adversely affect the extent of the relief counsel procured for the clients.' " *Id.* (quoting *Cisek v. Nat'l Surface Cleaning, Inc.*, 954 F. Supp. 110, 110-11 (S.D.N.Y. 1997)).

## Analysis

For the reasons set forth in the parties' joint motion, the relevant factors weigh in favor of the Court's approval of the settlement agreement. The parties demonstrate that there is a bona fide dispute relevant to whether Cardwell and Edelen are owed unpaid overtime wages. (ECF No. 17 at Pg ID 74.) They provide convincing arguments to show that the settlement is devoid of collusion (*id.* at Pg ID 74), that the settlement will avoid complex, expensive, and perhaps protracted litigation (*id.* at Pg ID 75), and that counsel engaged in sufficient discovery to calculate the risks involved in continued litigation (*id.* at Pg ID 76). Counsel for the parties and the parties themselves are of the opinion that the settlement is a fair and reasonable resolution. (*Id.* at Pg ID 76-77.) There are no absent class members, as this is an opt-in case. (*Id.* at Pg ID 77.) The parties submit that the public interest weighs in favor of settlement because the settlement compensates Cardwell and Edelen for their claimed overtime work and the public is served because an amicable resolution preserves judicial resources. (*Id.* at Pg ID 78.)

The parties' initial submission failed to provide the Court with sufficient information about the unpaid wages Cardwell and Edelen claim they are owed or

the percentage of those amounts they will recover under the settlement agreement. Nevertheless, the supplemental briefing represents that, under the settlement, Cardwell and Edelen will recover 66% and 71%, respectively, of their initial demand for backpay and liquidated damages. This is fair and reasonable and greatly exceeds the typical 7-11% recovery in FLSA cases. *See, e.g., Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1609, 2010 WL 776933, at *8 (N.D. Ohio Mar. 8, 2010) (citing Frederick C. Dunbar, Todd S. Foster, Vinita M. Juenja, Denise N. Martin, Recent Trends III: What Explains Settlements in Shareholder Class Actions? (National Economic Research Assocs. (NERA) June 1995)).

The amount of attorney's fees ($7,500) to be paid under the agreement also is fair and reasonable. Plaintiff's counsel conducted an investigation prior to filing the lawsuit, drafted the Complaint, exchanged initial disclosures and limited discovery, and engaged in settlement negotiations.

Finally, the Court approves the settlement agreement despite the inclusion of a confidentiality provision requiring Cardwell and Edelen to keep the amounts paid confidential. (*See* ECF No. 17-1 at Pg Id 86, ¶ 13.) The parties indicate that confidentiality is a key aspect of their agreement as Defendants wish to discourage any false FLSA claims in the future. Publishing the agreement on the docket and redacting only the specific amount of the settlement strikes a balance between Defendants' interests and the desire to inform future workers of their rights under

the FLSA and the potential for recovery when those rights are violated. *See Scobey v. Gen. Motors, LLC*, No. 20-12098, 2021 WL 5040312, at *4 (citing *Anthan v. U.S. Steel Corp.*, 523 F. Supp. 960, 968 (E.D. Mich. 2021)).

## Conclusion

For the reasons discussed, the Court finds the parties' settlement agreement to be fair and reasonable.

Accordingly,

**IT IS ORDERED** that the parties' Joint Motion to Approve Settlement (ECF No. 17) is **GRANTED**.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 29, 2021